IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMEL MCKELVEY,

        Plaintiff,

v.                                         Case No. 2:23-cv-00146

C.O. SPENCE, *et al.*,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Plaintiff's Motion for Summary Judgment (ECF No. 12) and Plaintiff's Motion for Status Conference, Summary Judgment, and Cease and Desist (ECF No. 16), both of which the undersigned construes as requesting, in part, a default judgment and/or summary judgment against the defendants.

I.     PROCEDURAL HISTORY

On February 21, 2023, Plaintiff filed a letter-form complaint alleging that, on January 31, 2023, while on lockdown at the South Central Regional Jail ("SCRJ"), he was assaulted by "C.O. Spence" who allegedly punched or grabbed his hand and bent his thumb backwards, ultimately dislocating it. (ECF No. 1 at 1). Plaintiff further claimed that he was being denied his "religious diet," showers, and recreation. (*Id.*) Plaintiff's letter-form complaint further alleged that "SCRJ staff" were "trying to sabotage [his] classification for the parole board by writing meritless write ups and having [him] in a lockdown section with no hearing being conducted" and have further denied him "the grievance process." (*Id.* at 1-2). The Clerk opened this civil action using the letter-form complaint and named "C.O. Spence" and the "South Central Regional Jail" as defendants.

On April 5, 2023, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 8), an Amended Complaint (ECF No. 9), and a Letter-Form Motion to Compel Recorded Evidence to be Saved and Produced (ECF No. 10).  By Order entered on July 18, 2023, the undersigned granted in part and denied in part Plaintiff's motion to compel recorded evidence. (ECF No. 11).  The Court ordered the West Virginia Division of Corrections and Rehabilitation ("the WVDCR"), as a non-party possessor of the video evidence requested by Plaintiff, to preserve video recordings from the A-7 pod at the SCRJ from January 30, 2023 through February 7, 2023.  (*Id*. at 1).  However, the Court further directed that the WVDCR would not be required to produce such evidence to Plaintiff unless and until responsive pleadings had been filed and discovery had been ordered, which has not yet been done.

Plaintiff is now incarcerated at the Mount Olive Correctional Complex ("MOCC").  His amended complaint appears to name the following defendants:  C.O. Spence, C.O. Roop, SCRJ Administrator/Jail Admin & Superintendent, SCRJ Kitchen/Food Service Provider, Religious Coordinator, multiple unnamed correctional officers, and multiple unknown Wexford Healthcare staff.  (ECF No. 9 at 3).  Plaintiff again alleges that C.O. Spence physically assaulted him, dislocating his thumb. (*Id*. at 3-4).  He further claims that he reset his thumb, but called for assistance from a nurse and C.O. Roop, who were on a level above him.  Roop allegedly denied that Spence had injured Plaintiff and slammed his food slot shut. (*Id*. at 4).  Plaintiff further contends that the medical service provider, who is believed to be properly named Wexford Health Sources, Inc., did not schedule him to see a doctor until three weeks later and, although an MRI of his hand was scheduled, he was transferred two days later, before the MRI was completed. (*Id*.)  Thus, Plaintiff alleges that the medical provider and staff did not properly treat his injury. (*Id*.)

2

Plaintiff's amended complaint further alleges that, despite advising jail staff that he was Jewish and required a special religious diet, staff failed to file the proper paperwork, and between January 30, 2023 and February 22, 2023, he was denied Kosher meals, or was provided food that was unacceptable to him and allegedly made him sick, and was sometimes not provided any meal at all. (*Id.*) He also complains that the food was delivered in an unsanitary manner. (*Id.*) He further asserts that he wants the "Superintendent, food service provider, and jail staff to be held responsible for denying [him] meals, recreation, showers, and treating [him] inhumane[ly] because of their own prejudice, [his] religious preference, [his] ethnicity, and [his] housing in jail." (*Id.*) He also contends that the Superintendent did not properly respond to his grievances. (*Id.*) Plaintiff seeks monetary damages from each defendant. (*Id.* at 5).

On August 23, 2023, before service of process had been ordered, Plaintiff filed his first Motion for Summary Judgment, (ECF No. 12), in which he states, in pertinent part, that Defendants have not responded to his complaint and have failed to produce the video evidence he had requested. He further asserts that "the medical staff and Wexford Medical" failed to give him proper medical treatment for his injury from the alleged January 31, 2023 assault. (*Id.* at 1). Finally, Plaintiff claims that "as a result of the defendants' collusion," he has had to "endure further harassment, as well as hostility" because of the implication that he assaulted a correctional officer. (*Id.*) He claims that this "false reporting" of his "negative behavior" "sabotaged" his chance for parole. (*Id.*) Thus, Plaintiff asks the court to grant summary and default judgment in his favor. (*Id.*)

On November 20, 2023, Plaintiff filed additional documentation (ECF No. 15) asserting that he had been subject to additional instances of retaliation. He specifically describes incidents that occurred at the Northern Correctional Center ("NCC"), a facility

located within the Northern District of West Virginia, by correctional staff employed there, which would need to be addressed, if at all, in a separate civil action filed in that court. On January 11, 2024, Plaintiff filed a Motion for Status Conference, Summary Judgment, and a Cease and Desist (ECF No. 16), in which he repeats his request for summary judgment without further support.[1]

## II. STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

Additionally, Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions. In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018). Summary judgment is

---

[1] Plaintiff's requests for a status conference and a cease and desist order will be separately addressed.

required when a party fails to make a showing sufficient to establish an essential element of a claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's claim. *Id.* at 325.

Once the moving party demonstrates such a lack of evidence, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) ("The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ."). "A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." *Brown v. Showboat Atlantic City Propoco, LLC*, No. 08-5145, 2010 WL 5237855, *2 (D.N.J. Dec. 16, 2010) (citing *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Rather, "the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Id.* (citing *Anderson*, 477 U.S. at 256-57).

A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility. *Russell v. Microdyne Corp.,* 65 F .3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd,* 718 F.3d 308, 312 (4th Cir. 2013)); *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979). However, the party opposing the motion may not rely upon mere

allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp.2d 751 (N.D.W. Va. 2000).

### III. DISCUSSION

As service of process has not yet occurred, to date, no proposed defendant had any obligation to respond to either Plaintiff's initial letter-form complaint or the amended complaint. Therefore, no defendants are in default and Plaintiff's request for default judgment is not warranted.

Likewise, because no defendant has yet been served with process and none has made an appearance herein, Plaintiff's request for summary judgment is wholly premature. Service of process will be separately ordered, and responsive pleadings must be filed by the served Defendants. Thereafter, both Plaintiff and Defendants will have a right to a period for discovery before summary judgment motions are appropriate. The United States Court of Appeals for the Fourth Circuit has emphasized the importance of permitting all parties adequate time for discovery before summary judgment motions can be considered. *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask."). Moreover, the court cannot consider a plaintiff's motion for summary judgment when the defendant has not appeared in the case. *See, e.g. Romero v. Allwell from Absolute Total Care,* No. 7:20-CV-04344-JMC, 2021 WL 4237155, at *4 (D.S.C. Sept. 17, 2021), *aff'd,* No. 21-2056, 2022 WL 17336568 (4th Cir. Nov. 30, 2022); *Nat'l Liab. & Fire Ins. Co. v. Matt's Auto World Preowned Cars, LLC*, No. 3:14-cv-38, 2014 WL 5449677, at *2 (N.D.W. Va. Oct. 24, 2014)

(denying summary judgment where discovery had not only not begun, "but the Defendants ha[d] not even appeared.").

Plaintiff's motions rely upon nothing more than the bare allegations in his complaint documents. Thus, the undersigned cannot find that there are no genuine issues of material fact based upon the record presently before the court. Accordingly, the undersigned proposes that the presiding District Judge **DENY** Plaintiff's Motions for Summary Judgment (ECF Nos. 12 and 16), without prejudice, pending further proceedings herein.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motions for Summary Judgment (ECF Nos. 12 and 16), without prejudice, and leave this matter referred to the undersigned for additional proceedings.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

January 23, 2024

Dwane L. Tinsley
United States Magistrate Judge

8