IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMEL MCKELVEY,

          Plaintiff,

v.                                         CIVIL ACTION NO. 2:23-cv-00146

CO SPENCE, et al.,

          Defendants.

**ORDER**

Pending before the Court are the following motions: (1) a Motion to Dismiss filed by Ronnie Thompson, (ECF No. 22); (2) a Motion to Dismiss filed by Wexford Health Sources, Inc. and Unknown Medical Staff ("the Wexford Defendants"), (ECF No. 27); (3) a Motion to Dismiss filed by Aramark Correctional Services, LLC, (ECF No. 31); (4) a Motion to Dismiss filed by C.O. Spence, (ECF No. 34); (5) a Motion to Dismiss filed by C.O. Roop, (ECF No. 36); (6) a Motion to Designate Motion to Dismiss as Unopposed and to Dismiss for Failure to Prosecute filed by the Wexford Defendants, (ECF No. 42); (7) a Motion to Designate Motion to Dismiss as Unopposed and to Dismiss for Failure to Prosecute filed by Ronnie Thompson, (ECF No. 43); and (8) a Motion to Designate Motion to Dismiss as Unopposed and to Dismiss for Failure to Prosecute filed by C.O. Spence and C.O. Roop, (ECF No. 44).

By standing order filed in this case on February 22, 2023, (ECF No. 2), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings

and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley entered his PF&R on June 26, 2024, recommending this Court grant Defendants' motions. (ECF No. 45.)

This Court is not required to review, *de novo* or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on July 15, 2024. To date, Plaintiff has not filed any objections to the PF&R, thereby waiving *de novo* review of Magistrate Judge Tinsley's PF&R. The Court notes that Plaintiff has also seemingly failed to maintain his current address with the clerk as the PF&R, which was sent to Plaintiff at his address on record, was returned as undeliverable. (*See* ECF No. 46.) Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." Accordingly, the Court **ADOPTS** the PF&R solely on the basis of failure to prosecute, (ECF No. 45), **GRANTS** the motions to dismiss, (ECF Nos. 22, 27, 31, 34, 36, 42, 43, 44), and **DISMISSES** the action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	August 9, 2024

_____
THOMAS E. JOHNSTON, CHIEF JUDGE